2015 WL 6473282
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK
COURT RULES BEFORE CITING.

Superior Court of New Jersey,
Appellate Division.

In the Matter of the Appeal of Israel
Albert ALMEIDA from the Denial of His
Application for a Permit to Carry a Handgun.

Submitted June 23, 2015.
|
Decided Oct. 28, 2015.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. W–31–13.

**Attorneys and Law Firms**

[Evan F. Nappen](), attorney for appellant Israel Albert Almeida ([Louis P. Nappen](), on the brief).

[Francis A. Koch](), Sussex County Prosecutor, attorney for respondent ([Shaina Brenner](), Assistant Prosecutor, of counsel and on the brief).

Before Judges [ALVAREZ]() and [SIMONELLI]().

**Opinion**

\*1 The opinion of the court was delivered by

[SIMONELLI](), J.A.D.

Appellant Israel Albert Almeida appeals from the June 18, 2014 Law Division order, which denied his application for a permit to carry a handgun pursuant to [N.J.S.A. 2C:58–4(d)](). On appeal, Almedia contends the trial court erred in finding he had no justifiable need for carrying a handgun for self-defense, or alternatively, the justifiable need requirement violates the Second Amendment, [U.S. Const. amend. II]().

The justifiable need requirement of [N.J.S.A. 2C:58–4(d)]() for issuance of a permit to carry a handgun for lawful defensive use in public places has been found constitutional by [the federal court in Drake v. Filco, 724 F.3d 426 (3d Cir.2013)](), *cert. denied* in [Drake v. Jerejian, ––– U.S. ––––, 134 S.Ct. 2134, 188 L. Ed.2d 1124 (2014)](), and by this court in [State v. Wheeler, 433 N.J.Super. 560 (App.Div.2013)]().[1] Accordingly, we focus on whether Almeida established a justifiable need for a permit to carry a handgun.[2]

A person seeking to obtain a permit to carry a handgun must demonstrate that he "has a justifiable need to carry a handgun." [N.J.S.A. 2C:58–4(d)](). To establish justifiable need, Almeida testified that he owns and operates a property management business. On June 1, 2013, he began managing properties located in Newark and Irvington, which he believed were high crime areas well-known for gang and narcotic activity. His duties included rent collection. He did not require that tenants pay their rent by check or money order through the mail because he found that manner of payment extremely difficult. Instead, he went door-to-door and collected payments in cash. As a result, he carried large sums of money, which he did not deposit in the bank throughout the day because it was inconvenient.

Almeida also testified that on June 11, 2013, a year before the hearing in this matter,[3] he tried to collect rent from a tenant he called "an admitted gang member" and "career criminal." According to Almeida, after advising the tenant that he could be evicted for non-payment, the tenant threatened his life stating, "I'll put a bullet in your head, ... as long as you live in New Jersey you're no longer safe. And if I don't get you, my boys will ... you will get yours eventually." Almeida took the threat seriously and filed a police report. The tenant was subsequently evicted, did not reside at any of the properties Almeida managed, and Almeida had no further contact with that person.

Almeida also testified that on other occasions, individuals approached him, asked what he was doing in the area, asked for money, and made "basic verbal threats" such as "I'm going to kick your ass." Almeida also mentioned a shooting incident that occurred at one of the properties fifteen minutes before he arrived and described what he believed was an attempted carjacking by individuals on bicycles who were not tenants and may not have known who he was.

\*2 There were no other incidents similar to the June 2013 incident, and there were never any physical confrontations between Almeida and any tenants or individuals. Nevertheless, Almeida testified that a handgun was necessary for self-defense because he believed it was "just a matter of time" before he was attacked and robbed. Despite this fear, he had not hired security because it would be too costly, had not changed his methods of only accepting

Exhibit "9"

WESTLAW © 2016 Thomson Reuters. No claim to original U.S. Government Works. 1

cash payments, and had not made regular deposits of the cash he collected.

Citing *In re Preis,* 118 *N.J.* 564 (1990), the court concluded that Almeida failed to establish a justifiable need. The court found Almeida did not show a substantial threat of serious bodily harm or urgent need to carry a handgun for self-protection based on specific threats or previous attacks demonstrating a special danger to his life. The court also found that Almeida had other means by which he could collect rents to avoid any attacks. Accordingly, the court denied the application.

Findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence. *In re Application of Borinsky,* 363 *N.J.Super.* 10, 23 (App.Div.2003). However, we are not bound by the court's interpretation of the Constitution, *Wheeler, supra,* 433 *N.J.Super.* at 572, or the court's evaluation of whether an applicant met the "justifiable need to carry a handgun" standard of *N.J.S.A.* 2C:58–4, which we review de novo. *Borinsky, supra,* 363 *N.J.Super.* at 23–24.

In the case of a private citizen, such as Almeida, a permit to carry a handgun may "be issued only to those who can establish an urgent necessity for protection of self or othersas for example, in the case of one whose life is in danger as evidenced by serious threats or earlier attacks." *Preis, supra,* 118 *N.J.* at 566; *see also N.J.A.C.* 13:54–2.4(d)(1). "The requirement is of specific threats or previous attacks demonstrating a special danger to the applicant's life that cannot be avoided by other means." *Preis, supra,* 118 *N.J.* at 571 (citing *Reilly v. State,* 59 *N.J.* 559, 562 (1971); *In re Application of X,* 59 *N.J.* 533, 534–35 (1971)). The court must consider the justifiable need on a case-by-case basis. *Id.* at 576.

"Generalized fears for personal safety are inadequate, and a need to protect property alone does not suffice." *Id.* at 571 (citing *State v. Siccardi,* 59 *N.J.* 549, 557–58 (1971)). The perceived risk of robbery by businessmen who carry large sums of cash in high crime areas is also inadequate to establish justifiable need. *See, e.g., In re Application of X, supra,* 59 *N.J.* at 534; *Siccardi, supra,* 59 *N.J.* at 547, 558; *In re Pantano,* 429 *N.J.Super.* 478, 481 (App.Div.2013), *certif. dismissed as improvidently granted,* —— *N.J.* —— (2014). The applicant must show an objective need for the defensive use of a handgun to obtain a carry permit. *Wheeler, supra,* 433 *N.J.Super.* at 614.

**\*3** We are satisfied that Almeida failed to establish a justifiable need for issuance of a permit to carry a handgun. The evidence did not demonstrate an "urgent need" for protection or that his life was in danger as evidenced by serious threats. Almeida was never physically attacked, and except for one long-ago incident, there were no specific threats demonstrating a special danger to his life. Almeida has shown only a generalized fear for his personal safety, which is insufficient to establish justifiable need for issuance of a permit to carry a handgun for self-defense.

Affirmed.

**All Citations**

Not Reported in A.3d, 2015 WL 6473282

Footnotes

1   Almeida did not address *Drake* or *Wheeler* in his merits brief.
2   *N.J.S.A.* 2C:59–4(d) has two additional requirements. The applicant must establish that he (1) "is a person of good character who is not subject to any of the disabilities set forth in [*N.J.S.A.* 2C:58–3(c) ]" and (2) "is thoroughly familiar with the safe handling and use of handguns." It was undisputed that Almeida established these two requirements.
3   The hearing was held on June 18, 2014.

WESTLAW   © 2016 Thomson Reuters. No claim to original U.S. Government Works.                     2