

# State of New Jersey

| | | |
|---|---|---|
| CHRIS CHRISTIE<br>*Governor*<br><br>KIM GUADAGNO<br>*Lt. Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO Box 112<br>TRENTON, NJ 08625-0112 | CHRISTOPHER S. PORRINO<br>*Acting Attorney General*<br><br>MICHELLE L. MILLER<br>*Acting Director* |

July 5, 2016

Honorable Kevin McNulty, U.S.D.J.
United State District Court for
the District of New Jersey
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:  <u>Almeida v. Conforti, et al.</u>
           Civ. No.: 16-3411

Dear Judge McNulty:

    I currently represent Defendant Judge Peter Conforti in the above captioned matter. I will likely represent the remainder of the State Defendants in this matter as well if and when they are ever actually served. Due to this fact, I am requesting a telephone conference to discuss the timing of the State Defendants' response to both the Complaint and Plaintiffs' Motion for a Preliminary Injunction. State Defendant(s) anticipate filing a Motion to Dismiss under Federal Rule of Civil Procedure 12(b) and, because the arguments made via that Motion will largely be duplicative of those that will be made in opposition to Plaintiffs' Motion for a Preliminary Injunction, State Defendant(s) may request that those two filings be consolidated. Therefore, we contemplate filing one responsive motion on behalf of all State Defendants. But that can only occur once all State Defendants have been served. Proceeding as such, if the Court would allow, could prove to be the most expeditious, cogent, and organizationally coherent course of proceeding.

    Furthermore, a telephone conference would also be helpful to determine what the actual relief Plaintiffs are seeking via



their Motion for a Preliminary Injunction. Plaintiffs claim that at this time they are pursuing only an "as-applied" challenge. But it appears as though some of the relief they are seeking via their pending motion, namely "an injunction restraining Defendants… from enforcing the Handgun Permit Laws… on the ground that an applicant does not have justifiable need," is the type of relief typically reserved for a facial challenge. But see Drake v. Filko, 724 F.3d 426 (3d Cir. 2013) (finding New Jersey's justifiable need standard constitutional on its face). Thus, a telephone conference may allow for Plaintiffs' counsel an opportunity to clarify what precise relief they are seeking that the Court is capable of providing.

                              Sincerely yours,

                              CHRISTOPHER S. PORRINO
                              ACTING ATTORNEY GENERAL OF NEW JERSEY


By:   S/ Matthew J. Lynch_____
       Matthew J. Lynch
       Deputy Attorney General

Cc:   Via ECF
      Honorable James B. Clark, U.S.M.J.
      Ryan Scott Watson, Esq.
      Dawn M. Sullivan, Esq.
      Ursula Henrich Leo, Esq.