*Ursula H. Leo, Esq. (015762003)*
**LADDEY, CLARK & RYAN, LLP**
*Attorneys-at-Law*
*60 Blue Heron Road, Suite 300*
*Sparta, New Jersey 07871-2600*
*(973) 729-1880*
*Attorneys for Defendant, Michael S. Richards*

UNITED STATE DISTRICT COURT
DISTRICT OF NEW JERSEY, NEWARK DIVISION

| | |
|---|---|
| ISRAEL ALBERT ALMEIDA and MICHAEL R. TUMMINELLI, <br><br> Plaintiffs, <br><br> -vs- <br><br> THE HON. N. PETER CONFORTI, et al., <br><br> Defendants. | CASE NO. 2:16-CV-03411-KM-JBC <br><br> **MOTION DATE: SEPTEMBER 19, 2016** |

**DEFENDANT MICHAEL S. RICHARDS' CONSOLIDATED BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

**LADDEY, CLARK & RYAN, LLP**
Attorneys-at-Law
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
(973) 729-1880
Attorneys for Defendant
Michael S. Richards

On the Brief:   Ursula H. Leo, Esq.,
                Michael R. Darbee, Esq.

Dated:        August 18, 2016

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

I.    PRELIMINARY STATEMENT ................................................................. 1

II.   STATEMENT OF FACTS .......................................................................... 3

III.  PROCEDURAL HISTORY ......................................................................... 5

IV.   LEGAL ARGUMENT ................................................................................. 5

    A. <u>Tumminelli's Complaint Must Be Dismissed</u> ....................................... 5

        1. Standard of Review ......................................................................... 6

        2. Tumminelli's Second Amendment Claim Against Richards Fails ............................................................................... 7

        3. Tumminelli's Procedural Due Process Violation Against Richards Fails ................................................................. 9

    B. <u>Tumminelli's Motion For Injunctive Relief Must Be Denied</u> ........... 11

        1. Standard of Review ....................................................................... 11

        2. Tumminelli's Generalized Fears For His Personal Safety Are Insufficient To Obtain A Carry Permit ....................................................................... 12

        3. Tumminelli Cannot Show The Preliminary Injunction Is In The Public Interest ............................................... 14

V. CONCLUSION ......................................................................................... 17

# TABLE OF AUTHORITIES

## CASES

Alvin v. Suzuki, 227 F.3d 107 (3d Cir. 2000) ........................................................ 10
Drake v. Filko, 724 F.3d 426 (3d Cir. 2013) ......................................... 8, 11, 12, 15
Ferring Pharms., Inc. v. Watson Pharms., Inc., 765 F.3d 205 (3d Cir. 2014) ....... 11
Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) ..................................... 6
In re Application of Borinski, 363 N.J. Super. 10 (App. Div. 2003) ............. 7, 9, 13
In re Preis, 118 N.J. 564 (1990) ........................................................... 7, 13, 14, 16
McDonald v. City of Chicago, 561 U.S. 742 (2010) ........................................... 1, 4
Reilly v. State, 59 N.J. 559 (1971) .......................................................................... 8
Siccardi v. State, 59 N.J. 545 (1971) ................................................................ 8, 14
United States v. Marzzarella, 614 F.3d 85 (3d Cir. 2010) ..................................... 9

## STATUTES

N.J.S.A. § 2C:39-5 .................................................................................................. 7
N.J.S.A. § 2C:58-4 ............................................................................ 1, 3, 4, 7, 10, 14

## REGULATIONS

N.J.A.C. § 13:54-2.4 ............................................................................ 4, 7, 9, 13, 16

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 12(b)(6) ............................................................... 6
Federal Rule of Civil Procedure 65(a)(2) ............................................................. 11

I.  **PRELIMINARY STATEMENT**

On March 1, 2015, Plaintiff Michael R. Tumminelli applied for a New Jersey Permit to Carry a Handgun pursuant to N.J.S.A. § 2C:58-4(c). Tumminelli asserted he had a justified need to carry a handgun because his employment places him at an increased risk of harm from foreign and domestic terrorist organizations. On May 7, 2015, the Chief of Police of the Town of Newton, Defendant Michael S. Richards, denied Tumminelli's application for failure to establish a "justifiable need" as required under the law.

In Count 1 of his Complaint, Tumminelli contends the denial of his application deprived him of his rights under the Second Amendment of the United States Constitution, as applied to the states through McDonald v. City of Chicago, 561 U.S. 742 (2010). Count 1 of Tumminelli's Complaint must be dismissed for failure to state a claim for relief because binding Third Circuit precedent upheld the constitutionality of New Jersey's "justifiable need" standard, and Tumminelli's generalized assertions of danger are insufficient to satisfy the "justifiable need" standard.

In Count 2 of his Complaint, Tumminelli contends Richards denied Tumminelli of his procedural due process rights. Count 2 of Tumminelli's Complaint must be dismissed for failure to state a claim for relief because Tumminelli failed to utilize New

Jersey's procedural protections for reviewing the denial of an application to carry a handgun.

Tumminelli is also seeking preliminary and final injunctive relief against Richards. However, Tumminelli's motion for injunctive relief must be denied. First, as set forth above, Tumminelli cannot show he is likely to succeed on the merits of his claim. It is settled law that generalized fears of harm are insufficient to obtain a carry permit, and Tumminelli's application only shows generalized fears for his personal safety. Second, granting injunctive relief would be contrary to the public interest because New Jersey has a public policy disfavoring the carrying of firearms absent a justifiable need.

## II.  **STATEMENT OF FACTS**

1. Plaintiff Michael R. Tumminelli is a civilian employee of the United States Department of Defense ("DOD"). (Verified Complaint ¶ 94, ECF No. 1.)

2. Tumminelli contends his employment involves training military units throughout the country. (Verified Complaint ¶ 88, ECF No. 1.)

3. Defendant Michael S. Richards is the Chief of Police of the Town of Newton, Sussex County, New Jersey. (Verified Complaint ¶ 34, ECF No. 1.)

4. In or around early April 2015, Tumminelli applied for a New Jersey Permit to Carry a Handgun pursuant to N.J.S.A. § 2C:58-4(c). (Verified Complaint ¶ 100, ECF No. 1.)

5. Tumminelli alleges his employment with the DOD places him at an increased risk of attack from militants of the Islamic State of Iraq and the Levant ("ISIL"). (Verified Complaint ¶¶ 95-99, ECF No. 1.)

6. However, Tumminelli does not allege the existence of a threat or danger that is specific to Tumminelli.

7. On May 7, 2015, Richards denied Tumminelli's application for a Permit to Carry a Handgun. (Verified Complaint ¶ 100, Exhibit "11," ECF No. 1.)

8. Richards denied Tumminelli's application because it failed to establish a "justifiable need" to issue a Permit to Carry a Handgun. (Verified Complaint ¶ 100, Exhibit "11," ECF No. 1.)

9. On or about June 13, 2016, Tumminelli filed the instant Complaint for Declaratory and Injunctive Relief. (Verified Complaint, ECF No. 1.)

10. Count 1 of the Complaint alleges Richards' application of N.J.S.A. § 2C:58-4(c) infringes Tumminelli's rights under the Second Amendment of the United States Constitution, as applied to the states through McDonald v. City of Chicago, 561 U.S. 742 (2010). (Verified Complaint ¶¶ 110-12, ECF No. 1.)

11. Count 2 of the Complaint alleges Richards' review and denial of Tumminelli's application for a Permit to Carry a Handgun infringed his right to procedural due process. (Verified Complaint ¶¶ 115-16, ECF No. 1.)

12. The remaining Counts of the Complaint, Counts 3-7, contain allegations that are not directed at Richards.[1] (Verified Complaint ¶¶ 117-35, ECF No. 1.)

---

[1] Count 3 alleges the "justifiable need" standard under N.J.A.C. § 13:54-2.4 is an *ultra vires* construction of N.J.S.A. § 2C:58-4. Count 4 alleges an *ultra vires* claim against Sussex County. Count 5 alleges an *ultra vires* claim against the New Jersey Superior Court. Count 6 alleges a Second Amendment claim against Sussex County. Count 7 purports to reserve Plaintiffs' right to a facial challenge of the "justifiable need" standard. To the extent Counts 3-7 do purport to assert claims against Richards, Richards fully joins in the arguments asserted by the New Jersey Attorney General's Office.

### III. PROCEDURAL HISTORY

On June 13, 2016, Plaintiffs Israel A. Almeida and Michael R. Tumminelli filed a Verified Complaint. (Verified Complaint ECF No. 1.) On July 1, 2016, Plaintiffs filed a motion seeking injunctive relief. (Notice of Motion for Preliminary Injunction ECF No. 10.) On July 22, 2016, the parties held a telephonic conference. Following the conference, the Court permitted the parties to file a consolidated brief containing dispositive motions as well as opposition to Plaintiffs' Motion. (Letter Order ECF No. 26.) This is Defendant Michael S. Richards' consolidated brief in support of his Motion to Dismiss and in opposition to Tumminelli's motion for injunctive relief.

### IV. LEGAL ARGUMENT

Tumminelli's Complaint against Richards must be dismissed because even the most favorable reading of the Complaint fails to show a particularized need for Tumminelli to carry a firearm. Tumminelli's motion for injunctive relief should likewise be denied because he cannot show a particularized need to carry a firearm.

#### A. Tumminelli's Complaint Must Be Dismissed

Tumminelli's Complaint against Richards alleges violations of the Second Amendment and procedural due process. Count 1 of Tumminelli's Complaint alleges Richards' denial of Tumminelli's application for a New Jersey Permit to Carry a

Handgun infringed his Second Amendment rights. However, Tumminelli's Complaint does not demonstrate a "justifiable need" to carry a handgun, as that term is defined under state and federal law. Therefore Count One of the Complaint must be dismissed as to Richards.

Count 2 of Tumminelli's Complaint alleges that Richards' review of Tumminelli's Permit to Carry a Handgun application denied his rights to procedural due process. However, Tumminelli did not avail himself of the available procedures to obtain a gun permit. Therefore, his procedural due process violation fails as a matter of law.

1. <u>Standard of Review</u>:

Richards brings this motion to dismiss Tumminelli's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The standard of review on a motion to dismiss is well-known. First, the Court accepts the well-pleaded facts as true, but disregards any conclusory allegations or bald legal conclusions in the pleading. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210–11 (3d Cir. 2009). Second, the Court determines whether the facts state a plausible claim for relief. <u>Id.</u> Under this standard, this Court must dismiss the Complaint with respect to Richards.

2. <u>Tumminelli's Second Amendment Claim Against Richards Fails</u>:

Count One of Tumminelli's Complaint, which asserts a violation of the Second Amendment against Richards, must be dismissed. As a general proposition, in New Jersey it is illegal to carry a handgun in public without a permit. <u>N.J.S.A.</u> § 2C:39-5(b). An application for a permit to carry a handgun must be submitted to the Chief of Police for the municipality in which the applicant resides. <u>Id.</u> § 2C:58-4(c). The Chief of Police may approve the application only if: (1) the applicant is not otherwise precluded from purchasing a handgun; (2) the applicant is "thoroughly familiar with the safe handling and use of handguns"; and (c) the applicant has a "justifiable need" to carry a handgun. <u>Id.</u>

A "justifiable need" is defined as follows:

> [T]he urgent necessity for self-protection, as evidenced by specific threats or previous attacks which demonstrate a special danger to the applicant's life that cannot be avoided by means other than by issuance of a permit to carry a handgun.

<u>N.J.A.C.</u> § 13:54-2.4(d)(1). It is well-established that "[g]eneralized fears for personal safety are inadequate" to satisfy the "justifiable need" standard. <u>In re Preis</u>, 118 <u>N.J.</u> 564, 571 (1990); see also <u>In re Application of Borinski</u>, 363 <u>N.J. Super.</u> 10, 26 (App. Div. 2003) (denying carry permits to five fugitive recovery agents; rejecting categorical rule that individuals employed in dangerous professions have a right to carry handguns). In

Siccardi v. State, for example, the applicant operated a theater in Plainfield, New Jersey. 59 N.J. 545, 547 (1971). To support his application for a permit to carry a handgun, the applicant asserted:

> (1) he was required to carry substantial sums of money from the theater to a nearby 'bank depository in the late evening hours,' (2) the theater is located 'within the perimeter of the area of recent civil disorder in Plainfield,' (3) 'there have been numerous incidents involving beatings and robberies in the immediate area of the theater' and (4) he has received 'numerous telephone threats' and his 'life has been threatened' by persons confronting him 'in the theater and on the street.'

Id. at 547-48. The Superior Court denied the application, and the New Jersey Supreme Court affirmed. Id. at 558. The Court reasoned that the threats against the applicant "were not serious in nature and did not call for any police action." Id.; see also Reilly v. State, 59 N.J. 559, 571 (1971) (affirming denial of physician's permit application based on generalized increase in crime near his place of employment).

The "justifiable need" standard, as applied in Siccardi and its progeny, is consistent with the Second Amendment. In Drake v. Filko, the Third Circuit held "the requirement that applicants demonstrate a 'justifiable need' to publicly carry a handgun for self-defense . . . does not burden conduct within the scope of the Second Amendment's guarantee." 724 F.3d 426, 429 (3d Cir. 2013). The Third Circuit determined that the "justifiable need" standard and its predecessor laws have "existed in New Jersey in some form for nearly 90 years." Id. at 432. Accordingly, the Third Circuit

8

reasoned the "justifiable need" standard is a longstanding regulatory measure, which is an "'exception[] to the Second Amendment guarantee.'" Id. (quoting United States v. Marzzarella, 614 F.3d 85, 91 (3d Cir. 2010)).

Tumminelli's as-applied challenge fails as a matter of law because the Complaint fails to allege any facts to demonstrate a justifiable need to carry a handgun. He alleges his employment with the DOD places him at an increased risk of harm from terrorist organizations, such as ISIS. (Verified Complaint ¶¶ 95-99, ECF No. 1.) However, Tumminelli's argument erroneously conflates threats against military employees generally with threats against his person specifically. See In re Application of Borinski, 363 N.J. Super. 10, 26 (App. Div. 2003) (rejecting rule categorically issuing carry permits to individuals in certain occupations). Indeed, the Complaint does not allege that ISIS has made specific threats on Tumminelli's person. See Reilly v. State, 59 N.J. 559, 571 (1971) (denying permit to applicant who did not receive specific threats). Accordingly, Count One of Tumminelli's Complaint alleging a violation of the Second Amendment must be dismissed, because the Complaint fails to set forth "specific threats . . . which demonstrate a special danger" to his life. See N.J.A.C. § 13:54-2.4(d)(1).

3. Tumminelli's Procedural Due Process Violation Against Richards Fails

Count Two of Tumminelli's Complaint, which asserts a procedural due process violation against Richards, must also be dismissed. A claim of a procedural due process

9

violation fails as a matter of law where there are "procedural protection[s] available and the plaintiff has simply refused to avail himself of them." <u>Alvin v. Suzuki</u>, 227 F.3d 107, 116 (3d Cir. 2000).

Here, Tumminelli failed to avail himself of the procedural protections for the approval or denial of a handgun permit application. An application for a permit to carry a handgun must be submitted to the Chief of Police for the municipality in which the applicant resides. <u>N.J.S.A.</u> § 2C:58-4(c). If the Chief of Police denies the application, the applicant may "may request a hearing in the Superior Court . . . by filing a written request for such a hearing within 30 days of the denial." <u>Id.</u> § 2C:58-4(e). If the applicant is dissatisfied with the outcome in the Superior Court, he may appeal the decision to the Appellate Division. <u>Id.</u> Thus, Tumminelli's application is subject to up to three levels of review: Chief of Police, Superior Court, and Appellate Division.

Here, although Richards denied Tumminelli's application, Tumminelli failed to utilize the Superior Court and Appellate Division stages of review. Therefore, Tumminell is precluded from asserting a procedural due process violation in federal court. Accordingly, Count 2 of the Complaint, alleging a procedural due process violation, must be dismissed.

## B. **Tumminelli's Motion For Injunctive Relief Must Be Denied**

1. Standard of Review

Tumminelli's motion for injunctive relief must be denied.[2] The party seeking injunctive relief bears the burden to demonstrate the following: (1) a likelihood of success or actual success on the merits of the underlying claim; (2) irreparable harm absent injunctive relief; (3) the balance of equities between the parties favors the party seeking preliminary relief; and (4) the injunction is in the public interest. Ferring Pharms., Inc. v. Watson Pharms., Inc., 765 F.3d 205, 210 (3d Cir. 2014).

Here, Tumminelli is unable to satisfy the elements required to obtain injunctive relief. First, he cannot show a likelihood of success or actual success on the merits of his claim. In Drake v. Filko, 724 F.3d 426 (3d Cir. 2013), the Third Circuit upheld the constitutionality of the "justifiable need" standard, and Tumminelli fails to meet that standard. Second, Tumminelli cannot show that granting an injunction is in the public interest because New Jersey's careful licensing scheme disfavors individuals carrying guns absent a justifiable need to do so.

---

[2] Although Tumminelli's motion is captioned as seeking a preliminary injunction, Section V of Tumminelli's brief argues the Court should grant final injunctive relief pursuant to Fed. R. Civ. P. 65(a)(2). Therefore, Richards addresses preliminary and final injunctive relief together in this submission.

11

2. <u>Tumminelli's Generalized Fears For His Personal Safety Are Insufficient To Obtain A Carry Permit</u>

Tumminelli's request for injunctive relief must be denied because his underlying claim against Richards will be unsuccessful. As set forth in greater detail in Section IV.A, <u>supra</u>, the Third Circuit has determined the "justifiable need" standard – as defined by statute, and as interpreted by administrative regulations and case law – is constitutional.

It is settled law that New Jersey's "justifiable need" standard is constitutional. <u>Drake v. Filko</u>, 724 F.3d 426 (3d Cir. 2013). In <u>Drake</u>, the Third Circuit upheld the constitutionality of the "justifiable need" standard under two rationales. First, the Third Circuit concluded that the "justifiable need" standard "does not burden conduct within the scope of the Second Amendment's guarantee." <u>Drake</u>, 724 F.3d at 429. Second, the Third Circuit determined that the "justifiable need" standard is a reasonable means to achieve New Jersey's interest in public safety. <u>Id.</u> at 439. Under either rationale, the "justifiable need" standard is constitutional as-applied to individuals who cannot show more than a generalized, subjective need to carry a firearm.

Here, Tumminelli cannot show a likelihood of success or actual success on the merits of his claim. "Generalized fears for personal safety are inadequate" to

12

satisfy the "justifiable need" standard. In re Preis, 118 N.J. 564, 571 (1990). Moreover, individuals in allegedly dangerous occupations are not categorically authorized to carry firearms. In re Application of Borinski, 363 N.J. Super. 10, 26 (App. Div. 2003). Rather, even individuals in allegedly dangerous occupations must demonstrate an individualized showing of "justifiable need." Id.

Here, Tumminelli's only evidence in support of his application is a generalized fear for personal safety, based on his job duties. Specifically, Tumminelli contends his job duties and security clearances make him "a high value target" to the United States' enemies, such as ISIS militants. (Plaintiff's Memorandum in Support of Motion for Preliminary Injunction, ECF No. 11, at 15.) However, this argument falls squarely into the paradigm of "generalized fears" that are insufficient to issue a carry permit. Moreover, Tumminelli's job duties – standing alone – are insufficient to issue a carry permit.

Furthermore, Tumminelli cannot show a "special danger" to his life. N.J.A.C. § 13:54-2.4(d)(1). The record fails to show that there are specific threats against Tumminelli – whether by ISIS or anyone else. In fact, Tumminelli's own submission belies the argument that he faces a "special danger." Namely, he asserts that "[u]nclassified reports and bulletins . . . have identified a significant threat to **all personnel and family members related to external National Security protocols and employment related identities.**" (Plaintiff's Memorandum in Support of

13

Motion for Preliminary Injunction, ECF No. 11, at 15 (emphasis added).) This sweeping statement of alleged danger to all national security personnel fails to satisfy the highly individualized "justifiable need" standard. Accordingly, Tumminelli's request for injunctive relief should be denied.

3. Tumminelli Cannot Show The Preliminary Injunction Is In The Public Interest

Here, Tumminelli's Motion for a Preliminary Injunction must be denied because granting an injunction would be contrary to the public interest. "The permit to carry a gun is the most closely-regulated aspect of [New Jersey's] gun-control laws." In re Preis, 118 N.J. 564, 568 (1990). Indeed, "[t]he New Jersey Legislature has long been aware of the dangers inherent in the carrying of handguns and the urgent necessity for their regulation." Siccardi v. State, 59 N.J. 545, 547 (1971). In enacting the Carry Permit Law, the Legislature sought to combat "the known and serious dangers of misuse and accidental use." Id. at 558 ("[W]idespread handgun possession in the streets, somewhat reminiscent of frontier days, would not be at all in the public interest.").

Because of these serious dangers, the New Jersey Legislature took the extraordinary measure to delegate the executive authority to issue carry permits to the Judiciary. N.J.S.A. § 2C:58-4(d); In re Preis, 118 N.J. at 569. Thus, the Judiciary must determine whether an applicant has demonstrated a "justifiable need" on a

case-by-case basis. The justification for this case-by-case analysis has been explained as follows:

> New Jersey's schema takes into account the individual's right to protect himself from violence as well as the community at large's interest in self-protection. It is New Jersey's judgment that when an individual carries a handgun in public for his or her own defense, he or she necessarily exposes members of the community to a somewhat heightened risk that they will be injured by that handgun. New Jersey has decided that this somewhat heightened risk to the public may be outweighed by the potential safety benefit an individual with a "justifiable need" to carry a handgun. Furthermore, New Jersey has decided that it can best determine when the individual benefit outweighs the increased risk to the community through careful case-by-case scrutiny of each application, by the police and a court.

Drake, 724 F.3d at 439. Thus, New Jersey "has continually made the reasonable inference that given the obviously dangerous and deadly nature of handguns, requiring a showing of particularized need . . . serves the State's interests in public safety." Id. at 438.

Here, issuing a preliminary mandatory injunction would be contrary to the public interest. The plain import of New Jersey's Carry Permit Law is that individuals should not be permitted to carry firearms in public without first showing they have a "justifiable need" to do so – in other words, that they are uniquely positioned to expose members of their community to the heightened dangers of firearms. Id. at 439. To issue Tumminelli a carry permit before a judicial

15

determination of his "justifiable need" would expose the community to the heightened dangers of firearms without following the careful procedural protections provided by the New Jersey Legislature. In re Preis, 118 N.J. 564, 568 (1990).

Furthermore, issuing a final mandatory injunction would be contrary to the public interest. The "justifiable need" standard authorizes New Jersey courts to issue carry permits only upon an individualized showing of "a special danger to the applicant's life that cannot be avoided by means other than by issuance of a permit to carry a handgun." N.J.A.C. § 13:54-2.4(d)(1). As set forth above, Tumminelli cannot show he is subject to a "special danger" on his life. Therefore, to issue Tumminelli a carry permit without an individualized showing of need would expose the community to the dangers of firearms without any justification for doing so.

## V. CONCLUSION

For the foregoing reasons, Defendant Michael S. Richards respectfully requests the Court dismiss the Complaint as to all Counts against him. Moreover, Defendant Michael S. Richards respectfully requests the Court deny Plaintiffs' motion for injunctive relief as against him.

*LADDEY, CLARK & RYAN, LLP*
Attorneys for Defendant
Michael S. Richards

By:   Ursula H. Leo   /s/
     Ursula H. Leo, Esq.

Dated: August 18, 2016