```
CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
```
*Attorney for State Defendants*

```
By:   Matthew J. Lynch
      Deputy Attorney General
      (609) 633-8687

      Vincent J. Rizzo, Jr.
      Deputy Attorney General
      (609) 633-7786
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| | |
|---|---|
| ISRAEL ALMEIDA and MICHAEL TUMMINELLI, : | HON. KEVIN MCNULTY, U.S.D.J. |
| Plaintiffs, : | Civil Action No 16-3411 (KM-JBC) |
| v. : | **ORDER** |
| THE HON. N. PETER CONFORTI, et al., : | |
| Defendants. : | |

**THIS MATTER** having come before the Court on a motion by Christopher S. Porrino, Attorney General of New Jersey, by Matthew J. Lynch and Vincent J. Rizzo Jr., Deputy Attorneys General, appearing on behalf of Defendants Honorable N. Peter Conforti, Shaina Brenner, Honorable Carmen H. Alvarez, Honorable Marie P. Simonelli, and Christopher Porrino (pled as Robert Lougy), and the Court having considered the papers submitted

herein and upon good cause shown, the Court will grant the motion.

L. Civ. R. 5.3(c) allows the Court to permit a party to seal, or otherwise restrict public access to, any materials or judicial proceedings upon request by that party by formal motion made pursuant to L. Civ. R. 7.1. Local Rule 5.3(c)(2) requires that any motion to seal or otherwise restrict public access shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

The right to privacy in New Jersey firearms permit applications is clearly recognized. N.J.S.A. 47:1A-1.1; N.J.A.C. 13:54-1.15; see S. N.J. Newspapers, Inc. v. Twp. of Mt. Laurel, 660 A.2d 1173 (N.J. 1994).

In the present case, the Court finds that the Defendants have described the nature of the material at issue as confidential firearms permit application materials filed by the Plaintiffs in this matter. The Court further finds that Defendants have shown the interest that warrants such relief to be the privacy interest of the Plaintiffs in their firearms applications, and that this interest legitimately warrants such

relief. The Court further finds that should the specific information contained in the firearms application materials be made public, the injury to the Plaintiffs' privacy interests would be irreparable. Finally, the Court finds that because the Plaintiffs and all necessary parties to this lawsuit will have access to the records, there is not a less restrictive alternative to the relief sought by the defendants.

**THEREFORE,** the Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown,

IT IS on this _____ day of _____, 2016;

**ORDERED** that the motion to seal or otherwise restrict public access to Exhibits A and B of Defendants' brief in support of their motion to dismiss Plaintiff's Verified Complaint for Declaratory and Injunctive Relief and in opposition to Plaintiff's Motion for Preliminary Injunctive Relief, shall be, and hereby is, **GRANTED**.

_____
HON. JAMES B. CLARK
UNITED STATES MAGISTRATE JUDGE